UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2017 MAR 27 PM 4: 22

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

JAMES SANCHEZ,

    Plaintiff,

v.

Case Number: 6:17-cv-536-ORL-28-GJK

FEDERAL CLEANING CONTRACTORS, INC.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, was an employee of all Defendants, and brings this action for unpaid wages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA").

2. Plaintiff worked as an hourly laborer for Defendants and performed related, non-exempt activities for Defendant in Volusia County, Florida.

3. Plaintiff was not paid overtime for all of the hours he worked beyond 40 in a single workweek.

4. Plaintiff was not paid at least the minimum wage for all hours worked in a single workweek.

5. Plaintiff was engaged by Defendants to work as a laborer in January 2017.

6. Plaintiff was paid an hourly wage, not a salary. Plaintiff is not subject to any exemptions under the FLSA.

7. Defendant is a cleaning company that provides cleaning services to business throughout the state. Defendant required Plaintiff to work at a "Bass Pro Shops" location that was under construction during Plaintiff's employment. Plaintiff's duties were to clean the construction site.

8. Defendant issued each and every paycheck received by Plaintiff. However, Defendant failed, or refused, to pay Plaintiff for all of the hours he worked. Defendant failed to comply with the FLSA's mandatory minimum wage and overtime requirements.

9. During his employment, Plaintiff worked at least eight hours per day for seven consecutive days on two or more occasions. Nevertheless, Plaintiff did not receive overtime pay.

10. Defendants violated the FLSA by failing to pay Plaintiff at least the minimum wage for all regular hours worked. And by failing to pay Plaintiff time-and-one-half for all overtime hours worked.

11. Instead of paying overtime wages, Defendants, collectively, circumvented the FLSA by failing to pay Plaintiff wages, though Plaintiff habitually worked up to 56 hours a week or more since his hire.

12. Plaintiff was never paid time-and-one-half for all hours worked over forty in any given week.

13. As of this date, Plaintiff has still not been paid the entirety of his wages and has not been compensated for the full extent of his damages and wage loss under the FLSA.

14. Plaintiff seeks full compensation, including liquidated damages because Defendants conduct in failing/refusing to pay overtime and minimum wages, was a calculated attempt to extract more additional work out of Plaintiff for the benefit of Defendants, at the expense of Plaintiff.

15. Defendants are each for profit corporations that operate and conducts business in, among others, Volusia County, Florida, and is therefore, within the jurisdiction of the Court.

16. Defendant also uses computers and data transmission lines, including text messaging, as well as materials and other resources that do not originate from within the State of Florida, for the benefit of their clients.

17. This action is brought under the FLSA to recover from Defendants, collectively, unpaid wages in the form of overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

18. The Court has jurisdiction over Plaintiff's claims as all material events transpired in Volusia County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

19. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's organizations reasonably suggest and otherwise indicate that the Defendant is a multi-million-dollar operation that has considerable expertise in the cleaning industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees who handle goods in commerce, including materials and supplies, whom also use telephones, fax machines and other instrumentalities of commerce.

20. At all material times relevant to this action, Plaintiff worked in his capacity as an employee individually covered by the FLSA. This would include to doing hourly work as a laborer. Plaintiff was not paid a fixed, unchanging salary. Instead, he was paid on an hourly basis

and his paychecks fluctuated based on the number of hours worked. Plaintiff was not an exempt employee because he did not receive a fixed salary, as required by the FLSA.

Plaintiff did not participate in the creation of budgets or maintain the production of sales nor did Plaintiff plan or control the budget of the Defendants in any way. Plaintiff did not implement legal compliance measures.

21. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions was made by Defendant to properly pay Plaintiff for all hours worked during his employment. Plaintiff worked over 40 hours on multiple occasions during his employment with Defendant. The off the clock work that Plaintiff was directed to do was intentional and was designed to extract additional hours of labor out of Plaintiff for the benefit of the Defendant, who then refused to pay Plaintiff and those similarly situated premium wages. Notably, Defendant are in possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise weeks that Plaintiff worked more than 40 hours. Plaintiff alleges that he routinely worked in excess of 40 hours per week, including time for which Defendants made no provisions to properly record.

22. Defendants, collectively, failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiff's true hours of work. Plaintiff maintained a very detailed personal calendar evidencing his hours worked.

## COUNT I – RECOVERY OF OVERTIME WAGES COMPENSATION

23. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-22, above.

24. Plaintiff was entitled to be paid his regular rate of pay for each hour worked per work week as well as premium wages for those hours worked over forty. During his employment with Defendant Plaintiff, and those similarly situated to him, regularly worked hours for each week in which they were not paid at the correct rate of pay. Plaintiff routinely performed labor, at Defendants' specific request for the sole benefit of Defendant and was not paid for the hours he worked.

25. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff his correct premium rate of pay for each hour worked beyond 40 in one or more work weeks, Plaintiff have suffered damages plus incurring reasonable attorneys' fees and costs.

26. As a result of Defendant's willful violations of the FLSA, Plaintiff is entitled to payment of the unpaid wages under Florida law, as well as liquidated damages under the FLSA.

27. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the loss of wages and liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

DATED this 22nd day of March, 2017,

/s/ W. John Gadd
W. John Gadd
Fl Bar Number 463061
**Bank of America Building**

2727 Ulmerton Rd. Ste. 250  
Clearwater, FL 33762  
Tel – (727)524-6300  
Email – wjg@mazgadd.com

**/S/ Kyle J. Lee**  
Kyle J. Lee, Esq.  
FLBN: 105321  
LEE LAW, PLLC  
P.O. Box 4476  
Brandon, FL 33509-4476  
Telephone: (813) 343-2813  
Kyle@KyleLeeLaw.com